IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| GLEN O. LEWIS, | : |
| Petitioner, | : |
| VS. | : Civil Action File No. |
| | : 7 : 09-CV-39 (HL) |
| J. DARRELL HART, Warden, | : |
| Respondent. | : |

**RECOMMENDATION**

Presently pending in this *pro se* prisoner *habeas corpus* petition is respondent's motion to dismiss the petition as being untimely filed (Doc. 9). Petitioner was notified of the filing of the motion, and the consequences of not responding thereto in an order dated October 7, 2009 (Doc. 12). Petitioner has failed to file a response to the motion.

Petitioner was indicted by the Tift County grand jury on September 24, 1991, for two counts of malice murder and two counts of felony murder. (Resp. Ex. 5, Habeas Transcript, Resp. Ex. 4 at Record)(hereinafter "HT). At a jury trial in March 1992, Petitioner was found guilty on all counts and received four life sentences. (HT at Sentence). Petitioner filed a direct appeal and the Georgia Supreme Court remanded the case to the trial court with instructions to vacate the felony murder convictions and two of the life sentences, and to make a determination regarding the propriety of certain peremptory strikes by the prosecution during voir dire. Lewis v. State, 262 Ga. 679, 424 S.E.2d 626 (1993). The trial court found that, under Batson v. Kentucky, 476 U.S. 79 (1986), the strikes were proper. Then, the Georgia Supreme Court affirmed Petitioner's convictions and sentences on March 14, 1994. Lewis v. State, 264 Ga. 101, 440 S.E. 2d 664 (1994).

Petitioner filed a petition for a writ of habeas corpus in the Superior Court of Tattnall County on August 18, 1999. (Resp. Ex. 1). Petitioner raised five grounds. Evidentiary hearings were held on October 19, 2000, and December 5, 2000. (Resp. Ex. 4 and 5). In an order filed on January 4, 2002, the state habeas corpus court denied relief. (Resp. Ex. 2). Petitioner filed an application for a certificate of probable cause to appeal. The Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal on October 28, 2002. (Resp. Ex. 3).

Then, Petitioner filed his second petition for writ of habeas corpus in Ware County on June 25, 2008. An evidentiary hearing was held on May 15, 2009, at which the presiding judge orally granted Respondent's motion to dismiss the petition as successive. A written final order has yet to be entered in that case. Petitioner filed this petition pro se, raising one claim, on or about March 2, 2009.

Respondent moves to dismiss the petition as untimely based upon the one-year statute of limitations under 28 U.S.C § 2244(d). On April 24, 1996, the one-year period of limitations for state prisoners seeking federal habeas corpus relief, enacted as part of the AEDPA, went into effect. Lindh v. Murphy, 521 U.S. 320 (1997).

Section 2244(d) of the AEDPA provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A conviction is "final" for habeas corpus review when direct review has concluded or the time for seeking further appellate review has expired. Clay v. United States, 537 U.S. 522, 527 (2003).

Because Petitioner's conviction and sentence were "final" before the enactment of the AEDPA, he had until April 23, 1997, one year from the date of enactment the AEDPA, to file his petition. Wilcox v. Florida Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998). Because he did not file his federal petition before then, or toll the limitations period by filing his state habeas corpus petition prior to that date, the instant petition is untimely.

It is clear that petitioner did not timely file the instant petition. There are several years in which nothing was pending in his appellate and collateral review process. Therefore, it is the RECOMMENDATION of the undersigned that respondent's motion to dismiss the petition as untimely be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 7th day of December, 2009.

        **S/ G. MALLON FAIRCLOTH**
        **UNITED STATES MAGISTRATE JUDGE**

msd